UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CORRINE MILLS,

                Plaintiff,

    v.                                                           3:22-cv-687
                                                                             (MJK)

CAROLYN COLVIN,
Acting Commissioner of Social Security

                Defendant.

_____

PETER A. GORTON, ESQ., Attorney for Plaintiff
SHANNON FISHEL, Special Asst. U.S. Attorney, for Defendant

MITCHELL J. KATZ, U.S. Magistrate Judge

## DECISION AND ORDER

      Before the court is plaintiff's Revised Notice of Motion for Additional Attorney's Fees ("Revised Motion") pursuant to 42 U.S.C. §406(b)(1). (Dkt. No. 18).[1] The Commissioner filed a response. (Dkt. No. 20). Plaintiff's counsel attests that the Revised Motion was sent to plaintiff in accordance with L.R. 5.5(g)(2).[2] The parties consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. No. 7).

---

[1] Although plaintiff's motion papers do not refer to it, plaintiff filed a First Motion for Attorney Fees on April 17, 2024 (Dkt. No. 16). The court granted plaintiff's motion to hold the fee application in abeyance pending the filing of a supplemental fee motion, which is now before the court. As the First Motion For Attorney Fees was timely filed under Fed. R. Civ. P. 54, L.R. 54 and G.O. 18, the court deems the Revised Motion to be timely filed.

[2] The obligation to attest that the plaintiff has been notified of the fee motion is now found at Section F(2) of G.O. 18.

1

Plaintiff entered into a contingency fee contract with her attorney, Peter Gorton (Dkt. No. 18-4), pursuant to which plaintiff agreed to a twenty-five percent (25%) contingency fee, subject to repayment of any fees paid to plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). Attorney Gorton seeks the total sum of $14,954.25, noting his obligation to refund to plaintiff the sum of $6,764 which he previously received, which was awarded by a stipulated order (Dkt. Nos. 14, 15) under EAJA.

Attorney Gorton was retained on June 24, 2022. (Dkt. No. 18-1, ¶ 3). He filed a complaint on June 28, 2022 (Dkt. No. 1), and a brief on November 11, 2022 (Dkt. No. 9) which resulted in a stipulated order of remand on December 9, 2022 (Dkt. No. 12). Plaintiff's second application for benefits was denied and a hearing was requested on January 23, 2023. (Dkt. No. 18-1, at ¶3). Attorney Gorton represented plaintiff at the remand hearing which resulted in a favorable decision (*Id.*). The Notice of Award was issued by the Commissioner and is dated April 7, 2024. (Dkt. No. 18-3).

The court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002). To make this finding, the court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845,853-56 (2d Cir. 2022). First, the fully favorable outcome achieved by Attorney Gorton speaks for itself. Second, as the record shows, Attorney Gorton was not responsible for any undue delay (for example, the record was filed by the Commissioner on September

27, 2022 (Dkt. No. 8), and plaintiff's brief was filed on November 11, 2022 (Dkt. No. 9)). Third, Attorney Gorton has more than thirty years of experience, and his practice is highly concentrated in the handling of Social Security Disability cases at the administrative level and before federal courts. (Dkt. No. 18-1, ¶ 4). Fourth, the hours spent by Attorney Gorton reflect his efficiency in handling these types of cases. Fifth, there is no evidence that plaintiff is unsatisfied with his efforts. Sixth, the nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The court finds that the effective hourly rate of $476.25 (Dkt. No. 18-1, ¶6) is reasonable given Attorney Gorton's experience and the court's understanding of hourly rates charged by attorneys with that level of experience in this community. The court finds that the total fee is reasonable and will not exceed 25% of the total of plaintiff's past-due benefits in the amount of $59,817.00.

**WHEREFORE**, it is hereby

**ORDERED**, that Attorney Peter Gorton is awarded attorney's fees in the amount of $14,954.25, and it is further

**ORDERED**, that Attorney Peter Gorton shall refund to plaintiff any fees he previously received under the EAJA, to wit, $6,764.

Dated: January 30, 2025

Mitchell J. Katz
U.S. Magistrate Judge